UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASHLEY WOODS,　　　　　　　　　　　CASE NO.:

　　　　Plaintiff,

v.

PAL PETROLEUM, LLC d/b/a
CIRCLE K, and MOHAMED SULTAN
PAL, individually,

　　　　Defendants.　　　　　　　/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ASHLEY WOODS, by and through the undersigned attorney, sue the Defendants PAL PETROLEUM, LLC D/B/A CIRCLE K a Florida Limited Liability Company (hereinafter the "Company"), and MOHAMED SULTAN PAL, individually (collectively "Defendants"), and allege:

1. Plaintiff was an employee of the Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") and Fla. Const. Art. X § 24(b).

## GENERAL ALLEGATIONS

2. Plaintiff was an employee who worked for Defendants within the last three years in Hillsborough County, FL

3. Plaintiff worked for Defendants from August 2019 to November 2019.

1

4. Plaintiff was hired as a Customer Service Representative at an hourly rate of $9.25 per hour.

5. Plaintiff was then promoted to Assistant Manager, but was paid less than $455 per week, so Plaintiff cannot be exempt. *See* paycheck dated November 11, 2019, attached as **Exhibit "A."**

6. Plaintiff did not receive any additional compensation for hours worked over forty (40) in a given work week. *See* paycheck dated November 11, 2019, attached as Exhibit "A;" *see also* Employee Time Sheet dated November 1, 2019, through November 7, 2019, attached as **Exhibit "B."**

7. At all times material to this cause of action, Defendant was an enterprise subject to the Florida Constitution's provisions on minimum wages and the FLSA.

8. At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

9. Defendant, PAL PETROLEUM, LLC D/B/A CIRCLE K, is a Florida Limited Liability Company that operates and conducts business in Tampa, Florida and is therefore, within the jurisdiction of this Court.

10. At all times relevant to this action, MOHAMED SULTAN PAL was an individual resident of the State of Florida who owned and operated PAL PETROLEUM, LLC D/B/A CIRCLE K, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees,

and (c) control the finances and operations of PAL PETROLEUM, LLC D/B/A CIRCLE K. By virtue of having regularly exercised that authority on behalf PAL PETROLEUM, LLC D/B/A CIRCLE K, MOHAMED SULTAN PAL is an employer as defined by 29 U.S.C. § 201, et seq.

11. This action is brought under the FLSA to recover from Defendant's overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

12. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et seq.

13. During Plaintiff's employment with Defendants, Defendants earned more than $500,000.00 per year in gross sales.

14. During Plaintiff's employment with Defendants, Defendants employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

15. Included in such goods, materials and supplies were food, beverages, gasoline, tobacco products, and other items which originated from outside the state of Florida.

16. Therefore, Defendant, PAL PETROLEUM, LLC D/B/A CIRCLE K, is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## MINIMUM WAGE AND OVERTIME VIOLATIONS

17. At all times relevant to this action, Defendants failed to comply with Fla. Const. Art. X § 24 and the FLSA because Plaintiff performed services for Defendants for which she was not paid full minimum wages and no provisions were made by Defendants to properly pay Plaintiff for all overtime hours worked.

18. During her employment with Defendants, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per week during one or more work weeks.

19. During her employment with Defendants, Plaintiff routinely worked overtime hours, increasing each week of her employment with Defendants.

20. Once Plaintiff was promoted to manager she never received more than $420 per work week, despite working well over forty (40) per work week.

21. Plaintiff's salary clearly does not meet the salary basis and cannot be exempt from overtime compensation.

22. Plaintiff is entitled to her regular rate of pay ($10.50/hour) plus the half-time premium ($5.25/Overtime hour) for all hours worked in excess of forty (40) per week.

23. Based upon the above policies, Defendants have violated FLA. Const. Art. X § 24 by failing to pay the full minimum wage for each hour worked.

24. Based upon the above policies, Defendants have violated the FLSA by failing to pay complete overtime pay for each hour worked over forty (40) per week.

25. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amount paid to Plaintiff are in the possession and custody of Defendants.

26. Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

27. All conditions precedent to this action have been performed or waived.

## COUNT I – RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)

28. All preceding paragraphs are fully re-alleged and incorporated herein.

29. Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

30. At all times material to this cause of action, Florida's minimum wage was $8.46 per hour.

31. During her employment with Defendants, Plaintiff was not always paid the minimum wage for each hour of work performed in violation of Fla. Const. Art. X § 24.

32. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorney's fees and costs.

33. Defendants did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

34. As a result of Defendants' willful violation of the law, Plaintiff is entitled to liquidated damages in an amount equal to the unpaid wages.

35. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, ASHLEY WOODS, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – RECOVERY OF MINIMUM WAGES (FLSA)

36. All preceding paragraphs are fully re-alleged and incorporated herein.

37. Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

38. During her employment with Defendants, Plaintiff was not paid the minimum wage for each work week of work performed in violation of the FLSA.

39. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

40. Defendants did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

41. As a result of Defendants' willful violation of the FLSA, Plaintiff is

entitled to liquidated damages.

42. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, ASHLEY WOODS, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III – RECOVERY OF OVERTIME COMPENSATION (FLSA)

43. All preceding paragraphs are fully re-alleged and incorporated herein.

44. Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

45. During her employment with Defendants, Plaintiff was not paid for all time worked as described above which resulted in Plaintiff not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

46. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

47. Defendants did not have a good faith basis for its failure to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week.

48. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

49. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, ASHLEY WOODS, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 25th day of February 2020.

/s/ RYAN D. NASO
Ryan D. Naso, Esq.
FBN 1010800
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1500
Orlando, FL 32801
Telephone: (407) 236-9175
Email: rnaso@forthepeople.com
*Attorneys for Plaintiff*